### ROBINSON v. ALGER.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

No. 145.

SALES (§ 182*)—CONSTRUCTION OF CONTRACT—PASSING OF TITLE.
    The delivery of a bill of sale of a yacht then lying at Detroit, containing a provision that it was understood and agreed that the seller was to deliver the yacht to the purchaser in good condition at the port of New York as soon as practicable after the opening of navigation in the spring, construing such bill in connection with contemporaneous letters from the seller, *held* not to evidence a completed delivery of the yacht, which passed title as matter of law, but to be consistent with an intention that the contract should be executory, and the title should not pass until delivery in New York, which left the question one for the jury.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 492–495; Dec. Dig. § 182.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Olney & Comstock, for plaintiff in error.

Alexander, Watriss & Polk, for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. Robinson, the plaintiff below, brought this action to recover $4,000 (less $1,190.83 collected by attachment of defendant's property) paid to the defendant below under the following circumstances: In February, 1907, the plaintiff was looking for a yacht for use at his country place on Long Island during the following summer. The defendant owned the yacht Gypsy Joe, then lying at Detroit. The parties got into communication through one Jones, a broker. At the trial, the plaintiff being on the stand, a bill of sale executed by the defendant at Detroit February 2, 1907, was offered in evidence. It was the usual printed form, the material parts being as follows, written words in italic:

"To All to Whom These Presents shall Come—Greeting: Know ye, that *I, Russell A. Alger, Jr., of Detroit, Mich.,* sole owner of the *gasoline yacht* or vessel called the *Gypsy Joe* of the burden of *14* x/100 tons, or thereabout, for and in consideration of the sum of *one dollar and other valuable consideration* dollars, lawful money of the United States of America, to *me* in hand paid, before the sealing and delivery of these presents by *George H. Robinson, of New York, N. Y.,* the receipt whereof *I* do hereby acknowledge and *am* therewith fully satisfied, contented, and paid, have bargained and sold, and by these presents do bargain and sell, unto the said *George H. Robinson, his* executors, administrators, and assigns, *the whole* of the said *gasoline yacht* or vessel, together with *all and singular* the masts, bowsprit, sails, boats, anchors, cables, tackle, furniture, and all other necessaries thereunto appertain-

---

ing and belonging, the license of which said *gasoline yacht* or vessel is as follows, viz.: * * * To have and to hold the said *gasoline yacht* and appurtenances thereunto belonging unto *him*, the said *vendee, his* heirs, executors, administrators, and assigns, to the sole and proper use, benefit, and behoof of *him* the said *vendee, his* heirs, executors, administrators, and assigns, forever. And *I*, the said *vendor*, have promised, covenanted, and agreed, and by these presents do promise, covenant and agree, for *myself and my* heirs executors, and administrators, to and with the said *vendee, his* heirs, executors, administrators, and assigns, to warrant and defend the *said gasoline yacht* and all the other before-mentioned appurtenances against all and every person and persons whomsoever. *It is understood and agreed that the said Russell A. Alger, Jr., is to deliver the said yacht Gypsy Joe to the said George H. Robinson, in good condition, at the port of New York as soon as practicable after the opening of navigation on Lake Erie and in the Erie Canal and Hudson river in the spring of 1907, without expense to the said George H. Robinson."*

The plaintiff was then asked whether the yacht had been delivered to him, which question was objected to on the ground that title had passed when the bill of sale was delivered. The court sustained the objection. The plaintiff then offered in evidence three communications from the defendant to Jones, which were handed to him by Jones February 6th, along with the bill of sale. These documents were also excluded under objection.

A telegram, dated January 29th:

"Jan. 29, 1907.

"Dated Detroit, Mich. 29. To Frank B. Jones, 20 Broadway, N. Y. City. Will accept four thousand for Gypsy Joe guarantee in first class condition and deliver on opening navigation payment to be made immediately.

"Russell A. Alger, Jr."

A letter, dated January 30th of which the only relevant portion was:

"Detroit, January 30, 1907.

"Mr. Frank Bowne Jones, 29 Broadway, New York, N. Y.--Dear Sir: I telegraphed you yesterday you could sell 'Gypsy Joe' for $4,000.00 delivered in New York. I will guarantee her in first-class condition, but I should expect the money to be paid at once. I will send down for the 'Glenda', probably about the 1st of May. In the meantime I will take my crew from her, put them aboard the Gypsy Joe, and deliver her in New York City. This would make it quite convenient for me."

A letter, dated February 4th, of which the only relevant portion was:

"Detroit, February 4, 1907.

"Mr. Frank Bowne Jones, New York, N. Y.--Dear Sir: I enclose you herewith bill of sale duly signed and witnessed. I also enclose you O. K. initialed inventory of the Gypsy Joe. However, as you will see, it does not include either the searchlight or the dynamo. I think I can find the dynamo. The searchlight I at once disposed of. However, you can tell Mr. Robinson that in place of these he is receiving the awnings and the cushions as I purchased them complete, as you remember, for the boat, as well as the $80.00 imported coil used by the Packard car. This certainly is a very nice boat. Before it goes down I will have it thoroughly overhauled, so that it will be in practical commission by the time he receives it. As far as the insurance goes, I will carry this myself. I will not ask Mr. Robinson to have anything to do with the boat until it is delivered. By the way, does not my insurance cover me until that time, though the boat is laid up, or do I have to take any further action?"

Thereupon the plaintiff gave Robinson his check, dated February 6, 1907, for $1,000, to the order of defendant. The rulings of the trial

judge rest upon the proposition that as matter of law the bill of sale evidenced an executed contract whereby title in the yacht passed immediately to the plaintiff, and that he was left to sue for nondelivery upon the defendant's covenant "to deliver the said yacht Gypsy Joe to the said George H. Robinson in good condition at the port of New York as soon as practicable after the opening of navigation on Lake Erie and in the Erie Canal and Hudson river in the spring of 1907 without expense to the said George H. Robinson."

The question is one of the intention of the parties, to be gathered from the whole instrument. The printed form undoubtedly contemplated a present executed sale. But other circumstances create a doubt whether it is controlling. If the words "delivered at New York" had been inserted with the words of grant, the question (at least) would have arisen whether the document passed title until delivery at New York. Even more explicit language was written in later, after the covenant of warranty of title, no doubt, because there was more space there to write in. That the yacht was to be delivered in good condition at a future day tends to support the construction that the contract was executory; it being unusual to insure the condition of other people's property. The seller prepared the bill of sale, and in case of doubt it should be construed most strongly against him. If the buyer, on reading it, had asked the broker or this point, and the broker had given him the seller's telegram and letters, which were excluded, we think he might naturally have inferred that the seller understood and intended the contract to be executory. These documents were receivable as admissions tending to show that the seller understood that the yacht was sold "delivered in New York," and that she was to remain his property until that time. It can make no difference that the documents were given without anything being said on the subject. Their effect on the buyer's mind would have been the same.

The cases on the subject of the passing of title in sales of personal property are numerous, and each depends upon its own circumstances; but all agree that the question is one of intention. We think that the intention of the parties in this case depended, among other things, upon the circumstances that the plaintiff wanted a yacht in the approaching summer at New York, that the yacht in question was then lying at Detroit, and that the written addition to the bill of sale, together with the defendant's contemporaneous communications with Jones, were consistent with the intention of the parties that title should not pass until delivery, notwithstanding the printed language of the bill of sale and the fact that the buyer paid the price down on receiving it. Under the circumstances the question of the intention of the parties should have been submitted to the jury, with proper instructions as to the law.

The judgment is reversed.